

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 13, 2022

Harlan Protass, Esq.
Protass Law PLLC
260 Madison Ave., 22ⁿᵈ Floor
New York, NY 10016

     **Re: United States v. Victor Rivera, 21 Cr. 221 (SHS)**

Dear Mr. Protass:

     On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Victor Rivera ("the defendant") to Count One of the above-referenced Information. Count One charges the defendant with conspiring to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349. Count One carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of 3 years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

     In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for engaging in a scheme to defraud from at least in or about 2013 until in or about 2020, in which the defendant solicited and accepted bribes and kickbacks in exchange for referral of contracts or other business related to the Bronx Parent Housing Network, Inc. ("BPHN"), it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq*. In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

     The defendant hereby admits the forfeiture allegation with respect to Count One of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c): (i) a sum of money equal to $1,249,158.93 in United States currency, representing proceeds traceable to the commission of said offense (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the

following specific property: (a) $48,045.72 in funds previously produced by the defendant to his attorney and currently held in his attorney's escrow account; (b) $4,200 in cash seized from the defendant on January 4, 2021; and (c) $1,500 in cash seized from the defendant on January 20, 2021 (collectively, the "Specific Property"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution to BPHN in the amount of $902,269.23 in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. The defendant further agrees that the obligation to make such restitution shall be made a condition of probation, *see* 18 USC §3563(b)(2), or of supervised release, *see* 18 USC §3583(d), as the case may be.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

## A. Offense Level

1. The November 1, 2018 Guidelines Manual applies to this case.

2. The Sentencing Guideline applicable to Count One is U.S.S.G. § 2B4.1. Pursuant to U.S.S.G. § 2B4.1(a), the base offense level is eight.

3. Pursuant to U.S.S.G. § 2B4.1(b)(1)(B), the offense-level is increased by the number of levels from the table in U.S.S.G. § 2B1.1 corresponding to the value of the bribes or the improper benefits that were conferred. Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), 14 levels are added because the value of the bribes or the improper benefits that were conferred exceeded $550,000 but did not exceed $1,500,000.

4. Pursuant to U.S.S.G. § 3B1.1(c), because the defendant was an organizer, leader, manager, or supervisor of the criminal activity, the offense level is increased by two levels.

5. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

2021.09.20

In accordance with the above, the applicable Guidelines offense level is 21.

**B.  Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has zero criminal history points, calculated as follows:

1.  On or about June 26, 1987, the defendant was convicted in Bronx County Supreme Court of attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39, a felony, and was sentenced to a 54-month term of probation. On November 3, 1989, the defendant's probation was revoked, and he was sentenced to a one-year term of imprisonment. Pursuant to U.S.S.G. § 4A1.2(e), this sentence does not result in any criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

**C.  Sentencing Range**

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 37 to 46 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 21, the applicable fine range is $15,000 to $150,000.

The parties agree that either party may seek a sentence outside the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a). Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 37 to 46 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $150,000, and the Government agrees not to appeal or bring a collateral challenge of any fine that is greater than or equal to $15,000. The defendant also agrees not to appeal or bring a collateral challenge of any restitution amount that is less than or equal to $902,269.23, and the Government agrees not to appeal or bring a collateral challenge of any restitution amount that is greater than or equal to $902,269.23. The defendant also agrees not to appeal or bring a collateral challenge of any forfeiture amount that is less than or equal to $1,249,158.93, and the Government agrees not to appeal or bring a collateral challenge of forfeiture amount that is greater than or equal to $1,249,158.93. The defendant also agrees not to appeal or bring a collateral challenge of any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any

and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or

2021.09.20

conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By:

David Abramowicz / Tara M. La Morte
Assistant United States Attorneys
(212) 637-6525 / 1041

APPROVED:

Andrew Adams / Alexander Wilson
Co-Chiefs, Money Laundering and
Transnational Criminal Enterprises Unit

AGREED AND CONSENTED TO:

Victor Rivera

DATE 2/2/2022

APPROVED:

Harlan Protass, Esq.
Attorney for Victor Rivera

DATE 2/7/22

2021.09.20