UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

UNITED STATES OF AMERICA
                                              :    **PRELIMINARY ORDER OF**
- v. -                                                 **FORFEITURE AS TO**
                                              :    **SUBSTITUTE ASSETS**
VICTOR RIVERA,
                                              :    21 Cr. 221 (SHS)

                Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

           WHEREAS, on or about March 24, 2021, VICTOR RIVERA (the "Defendant"), was charged in an Information, 21 Cr. 221 (SHS) (the "Information"), with conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One);

           WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and various specific assets;

           WHEREAS, the Information also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property was unable to be located or obtained, transferred or sold to a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be subdivided without difficulty,

the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about February 7, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $1,249,158.93 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, on or about February 7, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment, which imposed a money judgment in the amount of $1,249,158.93 in United States currency against the Defendant, representing the proceeds traceable to the commission of the offense charged in Count One of the Information (the "Money Judgment") (D.E. 26);

WHEREAS, to date, $1,195,413.21 of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and/or omissions of the Defendant, the Government, despite its exercise of due diligence, has to date been unable to locate or obtain the proceeds of the offense of the Defendant's conviction;

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

  a. $10,000 in United States currency, seized from the Defendant on January 22, 2021 in New York, New York;

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the

petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       February 11, 2025

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE