UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

VICTOR RIVERA,

Defendant.

21-cr-221 (SHS)

25-cv-9584 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Victor Rivera has moved to vacate the restitution and forfeiture orders this Court imposed as part of his sentence. (Dkt. No. 111.)  Rivera's motion is denied because it is untimely if construed as a petition pursuant to 28 U.S.C. § 2255 and, if construed as a petition for a writ of error *coram nobis*, because the restitution and forfeiture orders reflect no fundamental error.

## I.  BACKGROUND

Rivera pleaded guilty to conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349 on February 7, 2022.  Rivera had been the President and Chief Executive Officer of a non-profit organization that operated soup kitchens and homeless shelters and provided affordable-housing facilities in New York City. (*See* Dkt. No. 36 ("PSR") ¶ 12.)  He pleaded guilty to conspiring to accept hundreds of thousands of dollars in bribes and kickbacks from contractors for the non-profit company. (*See id.* ¶ 13.)  Pursuant to his plea agreement with the Government, Rivera agreed to forfeit $1,249,158.93—representing the proceeds from his crime—and a Consent Preliminary Order of Forfeiture/Money Judgment was entered on February 7, 2022, in that amount. (*See* PSR ¶¶ 6(i), 19; Dkt. No. 26.)  Rivera also agreed in his plea agreement to pay restitution in the amount of $902,269.23 to the victim of his fraud. (*See* PSR ¶¶ 6(j), 20.)  Rivera's original judgment of conviction was entered on May 23, 2022, and included a sentence of 27 months' incarceration, 2 years' supervised release, and a restitution payment in the amount of $902,269.23. (*See* Dkt. Nos. 42, 43.)  An amended judgment was entered on July 2, 2024, clarifying that Rivera was jointly and severally liable with his co-defendants for restitution to the victim of the fraud. (*See* Dkt. Nos. 99, 100.)

On November 4, 2025, Rivera filed the present motion *pro se* asserting that the restitution and forfeiture portions of his sentence "involve[] a violation of [his] Fifth Amendment right to due process" and are unconstitutional because his counsel did not

sufficiently advise Rivera regarding his restitution and forfeiture obligations.  (Dkt. No. 111.)  By Order to Show Cause dated November 25, 2025, the Court construed Rivera's *pro se* motion as asserting an ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255.[1]  (Dkt. No. 112.)  The Court ordered Rivera to file a declaration within sixty days showing cause why the motion should not be dismissed as time barred given that Rivera's amended judgment of conviction became final on July 16, 2024, and Rivera's motion was not received until November 4, 2025, more than one year later.  (*Id.* at 3.)  Specifically, the Court directed Rivera to "allege any additional facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion" to support the equitable tolling of section 2255(f)'s one-year limitations period.  (*Id.*)

Rivera moved for the appointment of *pro bono* counsel on January 13, 2026 (Dkt. No. 113), and the Court granted that motion (Dkt. No. 114).  Rivera's *pro bono* counsel subsequently filed a notice stating that, "[a]fter research and fact investigation, [counsel] wish[ed] to alert the Court that [they] will not be filing supplemental papers on the pending motion."  (Dkt. No. 120.)

The Government then filed its opposition to Rivera's motion, urging that it should be denied either as time barred or on the merits.  (Dkt. No. 121.)

## II.  DISCUSSION

As the Court explained in its Order to Show Cause (Dkt. No. 112 at 3), a motion for relief under 28 U.S.C. § 2255 is subject to a one-year period of limitation that runs from the latest of (1) the date on which the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the

---

[1] Rivera's motion states that he "seek[s] to challenge both the restitution and forfeiture under 28 U.S.C. § 2255 or any other appropriate motion."  (Dkt. No. 111 at 1.)  As the Court noted in its November 25, 2025 Order to Show Cause (Dkt. No. 112 at 2 n.2), Rivera remained "in custody" within the meaning of section 2255 while serving his term of supervised release following the end of his incarceration on January 2, 2024.  *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006).  Rivera's term of supervised release ended on January 2, 2026, however; therefore, Rivera is no longer "in custody" for purposes of section 2255.  "If a prisoner is released while habeas proceedings are still pending, the petition becomes moot absent a 'concrete and continuing injury other than the now-ended incarceration,' as a continuing collateral consequence of the petitioner's prior incarceration or conviction."  *Scott v. Fields*, No. 20-cv-810, 2020 WL 7080333, at *1 (S.D.N.Y. Dec. 3, 2020) (quoting *Spencer v. Kemna*, 523 U.S. 1, 8 (1998)).  Here, although Rivera is no longer "in custody" given the conclusion of his term of supervised release, he claims to be suffering from a continuing and concrete injury—*i.e.*, the continuing restitution and forfeiture obligations—as a consequence of his prior conviction. Rivera's petition pursuant to section 2255 is therefore not moot.

right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review, or (4) when the facts supporting the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Here, Rivera's amended judgment of conviction was entered on July 2, 2024, and became final fourteen days later, when the time to file a notice of appeal expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Rivera has not suggested the existence of any government-created impediment to making this motion. Rivera asserts no right newly recognized by the Supreme Court. And the facts underlying Rivera's claim could have been discovered through the exercise of due diligence prior to the date on which amended judgment became final. Therefore, the one-year limitations period commenced when Rivera's amended judgment of conviction became final on July 16, 2024.

Rivera's November 4, 2025 motion was filed more than one year after his amended judgment of conviction became final and is therefore untimely pursuant to 28 U.S.C. § 2255(f). Rivera has presented no extraordinary circumstances coupled with reasonable diligence that could justify equitably tolling the limitations period. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." (internal quotation marks omitted)).

As the Court noted above, Rivera is seeking to challenge his restitution and forfeiture obligations "under 28 U.S.C. § 2255 or any other appropriate motion." (Dkt. No. 111 at 1.) If the Court were to construe Rivera's motion as a petition for a writ of error *coram nobis* rather than as a petition pursuant to 28 U.S.C. § 2255, *see United States v. Rutigliano*, 887 F.3d 98, 104–05, 107–08 (2d Cir. 2018), the Court would still deny the motion.

"The writ of error *coram nobis* is an 'extraordinary remedy' that 'issues only in extreme cases,'" *id.* at 108 (quoting *United States v. Denedo*, 556 U.S. 904, 916 (2009)), and *coram nobis* relief is available "only if the challenged error is fundamental," *id.* (quoting *Kaminski v. United States*, 339 F.3d 84, 91 (2d Cir. 2003)).

The Court has no difficulty determining that "[t]he challenged restitution [and forfeiture] orders here manifest no fundamental error." *Id.* In his plea agreement, Rivera expressly agreed to a forfeiture money judgment in the amount of $1,249,158.93 and to pay restitution to his victim in the amount of $902,269.23. (*See* PSR ¶¶ 6(i), 6(j), 19, 20.) At Rivera's change-of-plea hearing on February 7, 2022, defendant confirmed under oath that he had read the entire plea agreement (which included the agreed forfeiture and restitution amounts); that he had had an opportunity to discuss the plea agreement with his attorney and was "[a]bsolutely" satisfied with his attorney's

representation of him; and that he was of sound mind and prepared to plead guilty. (Dkt. No. 29 at 4–5, 17–18.) Indeed, Rivera specifically stated under oath at that change-of-plea hearing that he understood that, "in [his] plea agreement, [he had] admitted the forfeiture allegation and agreed to forfeit to the United States certain specific sums of money . . . as well as $1,249,158.93"and had "agreed to forfeit substantial sums of money." (*Id.* at 18–19.)

Rivera's plea agreement and allocution belie any suggestion by Rivera now that he never learned of a separate forfeiture order until after he was released in January 2024, that he was never given an opportunity to challenge the amount of his forfeiture and restitution obligations, or that he could not understand the proceedings because he was taking medication for depression at the time. (*See* Dkt. No. 113-1 ¶¶ 2, 6; Dkt. No. 111 at 1.) Moreover, Rivera's plea agreement and allocution demonstrate beyond peradventure both that his attorney was not constitutionally deficient by failing to advise him regarding restitution and forfeiture and that, even assuming Rivera's lawyer were deficient, Rivera cannot show any prejudice from the attorney's supposed failure to advise him regarding his restitution and forfeiture obligations in light of Rivera's clear understanding of those obligations at the time of his change-of-plea hearing. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Rivera's petition therefore identifies no fundamental error underlying his restitution and forfeiture orders, and the Court would accordingly deny Rivera's motion even if it were construed as a petition for a writ of error *coram nobis*.

## III. CONCLUSION

Rivera's motion is denied on the grounds that, construed as a petition for a writ of habeas corpus, it is untimely. In addition, if it were construed as a petition for a writ of error *coram nobis*, it is denied on the grounds that the restitution and forfeiture orders reflect no fundamental error.

Because Rivera has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue pursuant to 28 U.S.C. § 2253. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not

be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated:  New York, New York
        June 18, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

5